**Evelyn STEIN, Plaintiff,**

v.

**SANDS HOTEL & CASINO, et al., Defendants.**

**Civ. No. 92–1039 HL.**

United States District Court,
D. Puerto Rico.

Nov. 20, 1992.

by Elene Guarente, that Defendant had used the rifle to criminally threaten him.

Charles S. Hey–Maestre, Rio Piedras, PR, for Evelyn Stein.

Ricardo L. Rodriguez–Padilla, Ricardo Rodriguez Law Firm, San Juan, PR, for Sands Hotel/Casino.

Jose E. Otero–Matos, Irizarri & Otero, San Juan, PR, for CNA Cas. of PR and Manufacturers Trust Ins. Co.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is a motion by co-defendant Sands Hotel & Casino ("Sands") to dismiss this action on the ground that the statute of limitations has run for plaintiff's cause of action. This is an action for negligence. Jurisdiction is based on diversity of the parties.[1] Sands Hotel & Casino is a corporation which operates a resort hotel by the same name located in Isla Verde, Carolina, Puerto Rico. Plaintiff was vacationing at the Sands Hotel when the events giving rise to this action occurred. Plaintiff contends that she was injured when a closet door in her hotel room fell from its hinges striking her head and arm and causing her to fall back against a wall with enough force to fracture her elbow. Due to the pain she experienced from the accident, plaintiff requested medical attention from the hotel staff. Allegedly the hotel's doctor refused to visit plaintiff that evening due to the lateness of the hour. Plaintiff claims this further aggravated her injury. In her subsequent diagnosis, plaintiff was deemed to be suffering from a contusion of the head and arm, post contusion trauma, continuing pain and swelling of the affected elbow, swelling of her face and recurring headaches and dizziness. Plaintiff has also brought claims against Rexach Construction Co. ("Rexach"), a company contracted by Sands to perform repairs in the hotel, including the room in which plaintiff stayed. Oliver & Company and CNA Casualty of Puerto Rico are insurance carriers of Sands and Rexach, respectively, and were also named as defendants.

The incident that gave rise to this action occurred on November 23, 1989. Plaintiff filed her complaint on January 14, 1992. In the interim, plaintiff exchanged correspondence with Sands, Rexach and their respective insurance carriers regarding her claim. Sands now moves for summary judgment in its favor on the grounds that the statute of limitations for this action has run. Plaintiff opposes, arguing that her correspondence with the several defendants tolled the statute of limitations. For the reasons stated below, the Court grants this motion as to the claims against Sands.

## STANDARD

Under Puerto Rico law the statute of limitations for a negligence action is one year. P.R. Laws Anno. tit. 31, § 5298(2) (1991). Plaintiffs filed their complaint on January 14, 1992, more than one year after the occurrence of the incident which gave rise to this action. Thus, Ms. Stein's claims will be barred unless the statute of limitations was tolled. Article 1873 of the Civil Code provides for the tolling of the statute of limitations and states, "Prescription of actions is interrupted by their institution before the courts, by extra-judicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Anno. tit. 31, § 5303 (1991). Thus, of the three ways in which statutes of limitations can be tolled under the laws of Puerto Rico, only the latter two concern us for this motion for summary judgment. Once the period of

1. 28 U.S.C.A. § 1332 (West Supp.1992).

limitations is interrupted through any of the methods available under the laws of Puerto Rico and the tolling ends, the statute of limitations begins to run anew. *Rodríguez Narvaez v. Nazario,* 895 F.2d 38, 43 (1st Cir.1990); *Díaz de Diana v. A.J.A.S. Ins. Co.,* 110 D.P.R. 471, 475–76, 10 Official Translations 602, 607–08 (1980). The tolling provision should be interpreted restrictively against the party invoking its protection. *Rodríguez Narvaez,* 895 F.2d at 43, *Díaz de Diana,* 110 D.P.R. at 475–76, 10 Official translations at 607–08.

■ Plaintiff argues that the parties' correspondence between the date of the incident and the filing of the complaint constitutes either an extra-judicial claim or an acknowledgment of a debt by the debtor. An extra-judicial claim has been defined as " 'an act for which the holder of a substantive right addresses the passive subject of said right, demanding that he adopt the required conduct.' " *Díaz de Diana,* 110 D.P.R. at 476, 10 Official Translations at 608 (quoting Luis Díez Picazo, *La Prescripción en el Código Civil* at 130 (1964)). To toll the statute of limitations, the extrajudicial claim must demand the same relief ultimately sought in the lawsuit. *Rodríguez Narvaez,* 895 F.2d at 44. The claim must also be precise and specific. *Fernandez v. Chardón,* 681 F.2d 42, 53 (1st Cir.1982); *Jiménez v. District Court,* 65 P.R.R. 35, 42 (1945). An acknowledgment of the debt by the defendant is any act which effectively implies the defendant's absolute conformity with the plaintiff's claim. *Widow of Carlo v. Toro,* 99 P.R.R. 196, 207 (1970); 32–II Quintus Mucius Scaevola, *Código Civil* at 979 (1965). The act of acknowledgment must be an unequivocal and clear recognition by the defendant of plaintiff's rights. *Díaz de Diana,* 110 D.P.R. at 482, 10 Official Translations at 615; *Widow of Carlo,* 99 P.R.R. at 206–07. Additionally, tolling the statute of limitations as to one jointly and severally liable defendant tolls it as to all, *Rodríguez Narvaez,* 895 F.2d at 43 citing P.R.Laws Anno. tit. 31, § 5304, *Rivera Otero v. Casco Sales Co.,* 115 D.P.R. 662, 667 (1984), but the tolling is only effective with respect to identical claims. *Rodríguez*

*Narvaez,* 895 F.2d at 43. *See also, Monserrate v. Hospital La Concepción,* 92 J.T.S. 66 at p. 9536 (tolling of the statute of limitations for one of the co-defendants, interrupts the period for the other co-defendants, making them all legally responsible for the consequences their acts produced) citing S. Manresa y Navarro, *Comentarios del Código Civil Español,* T.12, Madrid, Ed. Reus, 1951, pp. 963–964.

## DISCUSSION

■ The record contains eight letters between the parties. Three letters concern plaintiff's claim against Sands and Oliver & Company. Five letters pertain to plaintiff's claims against Rexach and CNA. Their content is described below:

1.) A letter dated March 9, 1990 from plaintiff's attorney to Sands Hotel. Plaintiff's attorney notifies Sands that he will be representing plaintiff in an action for injuries sustained "as a result of [Sands'] negligence and carelessness in the ownership, operation, control and maintenance of [the hotel]," asks that the letter be forwarded to Sands' insurance company, and states that failure to respond will result in legal action being taken against Sands.

2.) A letter dated March 19, 1990 from Sue Diefenbeck of Oliver & Company to plaintiff's attorney. The letter asks counsel to advise Oliver & Company of its theory of liability, to forward witness statements and medical records and to submit a settlement demand "if there are no further medicals."

3.) A letter dated November 8, 1991 from plaintiff's attorney to Sands and Oliver & Company. The letter informs the recipients that "although there have been continuous negotiations towards a possible settlement" the matter remains open. The letter states that if no response is received within two weeks, plaintiff will commence legal action.

4.) A letter dated October 23, 1990 from plaintiff's attorney to Mr. Federico Maseo, Senior Vice–President at Rexach Construction Company. Plaintiff's attorney notifies Rexach that he will be repre-

senting the plaintiff in an action for injuries sustained on November 23, 1989 at the Sands Hotel. The letter states that representatives of Sands informed plaintiff that Rexach had been contracted to undertake certain repairs within the hotel including the closet door which struck the plaintiff. The letter asks for a prompt·response to initiate further discussions.

5.) A letter dated November 12, 1990 from plaintiff's attorney to Mr. Angel Cruz at CNA Casualty Insurance of Puerto Rico enclosing "copies of medical specials and documentation of lost wages" in regard to the claimed injury. Plaintiff's attorney asks CNA to respond upon completion of their investigation and review of the material in order to discuss the matter further.

6.) A letter dated January 14, 1991, entitled "Second Request," which is a duplicate of the letter dated November 12, 1990 from plaintiff's attorney to CNA.

7.) A letter dated November 8, 1991 from plaintiff's attorney to Rexach and CNA. This letter is identical to the letter sent to Sands and Oliver & Company on this same date. *See,* Description at tab # 3.

8.) A letter dated October 31, 1990 from Mr. Angel Cruz at CNA to plaintiff's attorney. The letter acknowledges receipt of the letter from plaintiff's attorney to Rexach dated October 23, 1990. The letter requests that plaintiff's attorney allow the writer reasonable time to conduct an investigation which would place him in a "better position to correctly establish liability if any, and damages." The letter requests certain medical documentation and states that all further correspondence should be addressed to CNA.

As mentioned above, the tolling of the statute of limitations as to one jointly and severally liable co-defendant interrupts the running of the statute as to other co-defendants. Accordingly, any letter meeting the legal requirements for an extrajudicial interruption, whether addressed to Sands and Oliver & Company or to Rexach and CNA, may have tolled the statute of limitations as to both defendants, thereby preserving plaintiff's cause of action. To decide whether plaintiff's claims against Sands are time-barred, the Court must also consider the legal effect of communications with co-defendants Rexach and CNA.

As noted above, tolling acts under Puerto Rico law have the effect of causing the limitations period to run anew for another year in full. There are six letters from plaintiff to co-defendants which might qualify as "extra-judicial claims." Three of these six letters: the letter dated March 9, 1990 from plaintiff's attorney to Sands, the letter dated October 23, 1990 from plaintiff's attorney to Rexach, and the letter dated November 12, 1990 from plaintiff's attorney to CNA, would need to rest upon a second extra-judicial claim to achieve a tolling effect lengthy enough to encompass the date when the action was filed. For example, if the letter dated November 12, 1990 were deemed an extra-judicial interruption of the limitations period, the statute of limitations would begin to run anew for one year from that date and would expire on November 12, 1991. Since the action was filed after November 12, 1991, the November 12, 1990 letter, cannot by itself, preserve plaintiff's claims. The same is therefore true of the letters dated March 9, 1990 and October 23, 1990.

However, the letter dated November 8, 1991 to Sands and Oliver & Company, the letter dated November 8, 1991 to Rexach and CNA, and the letter dated January 14, 1991 to CNA, could have an independent tolling effect sufficient to render the suit timely. In other words, the effect of these three letters would be to start the limitations period running anew for a one-year period within which the action was filed. However, if none of these letters constitute an extra-judicial claim, the three earlier letters could not, standing alone, initiate a limitations period lengthy enough to encompass the date on which the suit was filed. We begin therefore by analyzing the tolling effect of the language contained in the three latter communications those dat-

ed November 8, 1991 and January 14, 1991.[2]

As discussed above, for an extrajudicial claim to toll the statute of limitations, the claim must both seek the same relief that is sought in the lawsuit and be precise and specific. The language of the November 8, 1991 letters does not meet these criterion. From the first letter it can be inferred that some claim exists, but a "precise and specific" claim for the relief ultimately sought is not given. In her complaint, plaintiff seeks compensation for medical expenses, loss of income, costs and attorney's fees. None of these claims are even mentioned, much less precisely described. The letter dated January 14, 1991, which appears to be plaintiff's second response to CNA's letter dated October 31, 1990, indicates that plaintiffs are willing to discuss settlement after CNA reviews the enclosed medical documentation. However, as was the case with the November 8, 1991 letters, the exact details of the claim are not given. A letter warning of legal action does not constitute a precise and specific extrajudicial claim that would toll the statute of limitations. *Fernandez*, 681 F.2d at 53. Each of these letters fails to specify what kind of relief plaintiff ultimately was seeking, nor do they describe with precision what types of damages have been suffered. Accordingly, they do not constitute an extrajudicial claim that would toll the statute of limitations.

Because the Court finds that neither the November 8, 1991 letters nor the January 14, 1991 letter constitute extra-judicial claims, there is no need to consider whether the three earlier communications might have tolled the limitations period. The Court does note, however, that the letter dated March 9, 1990 from plaintiff's attorney to Sands, describes, albeit in somewhat cursory fashion, the nature of the claim and the theory of liability. In this letter, plaintiff also asks that the letter be forwarded to Sands insurer, presumably in order to begin the process of collecting compensation. Assuming *en arguendo* that this letter meets the requirements for an extra-judicial claim, a new limitations period would run from March 9, 1990 to March 9, 1991. The action was not filed in this period so for the tolling effect to continue, another extra-judicial interruption would have had take place before this period was over. Because knowledge of the contents of the letter can only be imputed to the recipient, only another letter to Sands could renew the limitations period for another year. The only other letter to Sands, however, was dated November 8, 1991, some eight months after the expiration of the limitations period initiated, *en arguendo*, by the March 9, 1990 letter. Accordingly, the combination of the March 9, 1990 and the November 8, 1991 letters to Sands also fails to produce the desired effect of preserving plaintiff's claims.

■ Nor has there been an acknowledgment of the debt by Sands or any other party that would warrant a tolling.[3] In the record there are only two letters from the co-defendants to plaintiff. In the March 19, 1990 letter from Oliver & Company to plaintiff's attorney, the insurer's representative merely asks to be informed as to plaintiff's theory of liability and to be forwarded certain documentation. The representative also tells plaintiff to submit a settlement demand. The letter dated October 31, 1990 from a representative of CNA follows this same basic format, but states that documentation is needed so that the insurer will be in a "better position to correctly establish liability, if any, and damages." Plaintiff's argument that these letters constitute an act of acknowledgment of a debt is contradicted by relevant caselaw. First, a defendant's communica-

---

**2.** The November 8, 1991 letters to Sands and Oliver & Company and to Rexach and CNA are identical.

**3.** At various places in the "Motion in Opposition to Summary Judgment," plaintiff's attorney states that regular telephone contact and ongoing negotiations were maintained by plaintiff and the several co-defendants. This allegation however cannot be used to oppose a motion for summary judgment. *See, López v. Corporación Azucarera de Puerto Rico*, 938 F.2d 1510, 1515–16 n. 11 (1st Cir.1991) (the statements and arguments of counsel in memorandum of law are not competent to support or oppose a motion for summary judgment under Rule 56(e)).

tion regarding a possible settlement do not constitute an act of acknowledgment of a debt. *Díaz*, 110 D.P.R. at 480, 10 Official Translations at 613. Second, these letter do not express a unequivocal and clear recognition of plaintiff's rights. They contain nothing more than requests for information and perfunctory gestures hinting at the possibility of settlement. Thus, neither Sands, nor any other defendant in this action made an act of acknowledgment of a debt that would justify tolling the statute of limitations.

WHEREFORE, the Court grants Sands' motion to dismiss the claim of plaintiff Evelyn Stein as time-barred. Because plaintiff's claims are time-barred, the Court *sua sponte* also dismisses this action as to codefendants, Rexach, Oliver & Company, and CNA.

IT IS SO ORDERED.