# 2004 DTA 102

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**

ÁNGEL VIVIANO MATOS RENTAS Y CARMEN LUZ TORRES
Demandantes-Apelados

v.

PEDRO JUAN NIGAGLIONI LOYOLA, SU ESPOSA ANA VALENTÍN ROSADO
POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL
DE GANANCIALES COMPUESTA POR AMBOS
Demandados-Apelantes

v.

MITCHELL RODRÍGUEZ RODRÍGUEZ, NEYSA PÉREZ COLÓN, GLADYS SUÁREZ MENDOZA Y
PUERTO RICO AMERICAN INSURANCE COMPANY

Núm. KLAN-03-00036

San Juan, Puerto Rico, a 10 de mayo de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
la Juez Pabón Charneco y el Juez Aponte Hernández

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los apelantes, señor Pedro Juan Nigaglioni Loyola, su esposa, señora Ana Valentín Rosado, y la Sociedad Legal de Gananciales compuesta por ambos, nos solicitan la revocación de la sentencia parcial emitida el 12 de marzo de 2002 por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante la misma, dicho foro desestimó la demanda de tercero presentada contra el señor Mitchael Rodríguez Rodríguez.

Por los fundamentos que expondremos, revocamos la sentencia parcial apelada.

### I

El 23 de marzo de 2000, el señor Ángel Viviano Matos Rentas, su esposa Carmen Luz Torres, y la Sociedad Legal de Gananciales compuesta por ambos (señor Matos) presentaron demanda sobre daños y perjuicios en contra de los aquí apelantes, señor Pedro Juan Nigaglioni Loyola, su esposa, señora Ana Valentín Rosado, y la Sociedad Legal de Gananciales compuesta por ambos (señor Nigaglioni). Se alegó que el 15 de abril de 1999, mientras el señor Nigaglioni conducía su vehículo de motor marca Jeep, modelo Wrangler 1997, por la Carretera Número 2, jurisdicción de Peñuelas, en dirección de este a oeste, por el carril derecho, súbitamente realizó un viraje hacia la izquierda e invadió el carril izquierdo, provocando que su vehículo fuera impactado por otro vehículo, marca Mitsubishi, modelo Mirage 1996, que transitaba en la misma dirección. Dicha colisión, a su vez, provocó que el vehículo marca Jeep que conducía el señor Nigaglioni volviera a caer al carril derecho y fuera impactado por un tercer vehículo marca Ford, modelo Escort 1998. El señor Matos se encontraba de pasajero en el vehículo marca Jeep que conducía el señor Nigaglioni. Como consecuencia del accidente, el señor Matos sufrió daños físicos y emocionales los cuales requirieron hospitalización inmediata y tratamiento médico. Solicitó indemnización por los daños físicos y morales.

El señor Nigaglioni contestó la demanda. En esencia, negó las imputaciones sobre negligencia y alegó que el accidente ocurrió a consecuencia de los actos culposos o negligentes de terceras personas. Por tal razón, en esa misma fecha, presentó demanda de tercero en contra del señor Mitchael Rodríguez Rodríguez (señor Rodríguez). Alegó que mientras éste manejaba a velocidad exagerada un vehículo de motor marca Mitsubishi, modelo Mirage 1996, perdió el control del mismo e impactó un vehículo marca Ford, modelo Escort 1998, que se encontraba detenido junto al vehículo marca Jeep que conducía el señor Nigaglioni. Dicha colisión provocó, a su vez, que el vehículo marca Ford, modelo Mirage, se estrellara contra el vehículo del señor Nigaglioni, dentro del cual viajaba el señor Matos. Arguyó que ya que el accidente había ocurrido como resultado de la conducta negligente del señor Rodríguez, éste venía obligado a pagar cualquier cantidad que eventualmente tuviera que pagarle al señor Matos, así como por los daños los sufridos directamente por él.

El tercero-demandado, señor Rodríguez, presentó moción de desestimación por prescripción. Alegó que el accidente que dio origen a la reclamación ocurrió el 15 de abril de 1999, y no fue hasta el 22 de septiembre de 2000 cuando se presentó la reclamación en su contra, ya transcurrido en exceso el término de un año que

establece el Artículo 1802 del Código Civil. Reveló, además, que la póliza de seguros expedida a su favor por la Cooperativa de Seguros Múltiples de Puerto Rico había cubierto los daños ocasionados a su vehículo. El señor Nigaglioni se opuso. Alegó que la demanda original fue presentada dentro del término prescriptivo, y que al tratarse de un caso donde había varios co-causantes del daño, la radicación de la causa de acción en contra de uno de ellos dentro del término prescriptivo, lo interrumpía para todos los demás.

Posteriormente, el señor Rodríguez contestó la demanda contra tercero. Negó las alegaciones de dicha demanda y, en el mismo escrito, presentó reconvención en contra del señor Nigaglioni. Alegó que el accidente ocurrió debido a la exclusiva negligencia de éste. El señor Nigaglioni presentó réplica en la cual negaba las alegaciones. El tribunal señaló vista para de discusión para el 31 de agosto de 2001. El 10 de diciembre de 2001, Nigaglioni solicitó se le permitiera enmendar la demanda contra tercero a los fines de incluir a la señorita Neysa Pérez Colón, conductora del vehículo marca Ford, modelo Escort 1998, a la señora Gladis Suárez Mendoza, dueña del referido vehículo, y a Puerto Rican & American Insurance, Co. (PRAICO), aseguradora del vehículo. Celebrada la vista, el asunto quedó sometido.

El 12 de marzo de 2002, notificada el 19 de marzo de 2002, el Tribunal de Primera Instancia emitió sentencia parcial. En atención al párrafo número siete (7) de la demanda contra tercero, donde se alegaba que *"[e]l accidente se debió a la negligencia de Mitchael Rodríguez al discurrir a velocidad exagerada sin tomar en cuenta la vida y propiedades ajenas"*, el Tribunal de Primera Instancia resolvió que el tercero demandado fue traído al pleito para que le respondiera directamente al señor Nigaglioni. Por tal razón, concluyó que en este caso no se estaba ente la presencia de coautores solidarios, ni era de aplicación *Arroyo v. Hospital La Concepción,* 130 D.P.R. 596 (1992), que establece que la radicación de una causa de acción en contra de un coautor solidario interrumpe el término prescriptivo en perjuicio de todos los demás. Expresó que el término prescriptivo aplicable para presentar cualquier acción en contra del señor Rodríguez, era el de un año establecido en el Artículo 1802 para las acciones de daños y perjuicios. A tenor con lo anterior, desestimó la demanda contra tercero presentada en contra del señor Rodríguez, ya que *"no existe co-causalidad, o más bien que el tercero demandado no fue co-causante de los daños."* Se incluyeron las siguientes determinaciones de hechos:

*"1. El 15 de abril de 1999, el señor Mitchael Rodríguez Rodríguez (tercero demandado) y el señor Pedro Nigaglioni se vieron envueltos en un accidente de tránsito. Como consecuencia de dicho accidente, la compañía de Seguros (Seguros Múltiples de Puerto Rico) indemnizó al señor Mitchael Rodríguez los daños a su vehículo.*

*2. El 8 de febrero de año 2000, la Cooperativa de Seguros Múltiples presentó Demanda de Acción de Subrogación en contra del señor Pedro Nigaglioni para recobrar de éste lo indemnizado al señor Rodríguez.*

*3. El 26 de abril de 2000, el señor Nigaglioni presentó Reconvención contra la Cooperativa de Seguros Múltiples y demanda contra tercero contra Mitchael Rodríguez Rodríguez (un año y doce días después de haber ocurrido el accidente).*

*4. El señor Mitchael Rodríguez Rodríguez fue emplazado y notificado con copia de la demanda contra tercero el 30 de octubre de 2000 (un año y seis meses después de haber ocurrido el accidente).*

*5. El 15 de diciembre de 2000, el representante legal del demandado (señor Nigaglioni), Licenciado Félix A. Toro Jr., presentó Moción con fecha del 12 de diciembre de 2000 desistiendo de su reconvención contra la Cooperativa y de la demanda contra tercero donde figuraba como demandado el señor Rodríguez, la cual fue declarada HA LUGAR por el Tribunal de Distrito de Guayanilla el día 23 de enero de 2001.*

*6. El 23 de marzo del año 2000, el señor Ángel Viviano Matos Rentas y su esposa presentaron demanda en Daños y Perjuicios contra el señor Pedro Nigaglioni por daños ocasionados por los mismos hechos que dan lugar al pleito mencionado en los acápites precedentes.*

*7. El 22 de septiembre de 2000, el señor Nigaglioni presentó demanda contra el tercero demandado Mitchael Rodríguez Rodríguez (un año y cinco meses después de haber ocurrido el accidente que da origen a la reclamación).*

*8. El tercero demandado Mitchael Rodríguez Rodríguez fue emplazado y notificado con copia de la demanda el 13 de marzo de 2001."*

Así las cosas, el 27 de marzo de 2002, el señor Nigaglioni presentó "*Solicitud de Determinaciones Adicionales*". Solicitó al Tribunal de Primera Instancia que realizara las siguientes conclusiones de hechos adicionales:

*"A. La demanda se presentó el 23 de marzo de 2000.*

*B. El demandado fue emplazado el 20 de junio de 2000, o sea con posterioridad al año a partir de la fecha del accidente.*

*C. El 18 de septiembre de 2000, el demandado presentó demanda en contra de los terceros Mitchael Rodríguez y su aseguradora Cooperativa de Seguros Múltiples.*

*D. El demandado desistió de la demanda de tercero en cuanto a la Cooperativa de Seguros Múltiples porque su póliza no incluia responsabilidad pública.*

*E. El demandado realizó un activo descubrimiento de prueba.*

*F. El demandado realizó reiteradas gestiones para obtener información y documentos de la aseguradora PRAICO y no fue hasta el 15 de noviembre de 2001, que se le suplió la información y documentos solicitados.*

*G. El 6 de diciembre, el demandado presentó contestación enmendada a la demanda y solicitó la inclusión de terceros demandados adicionales.*

*H. Los documentos presentados por el demandado no fueron referidos a la atención del Juez hasta el 21 de marzo de 2002, cuando ya se había dictado la sentencia parcial.*

*I. En la contestación enmendada, el demandado informa no ser el único que contribuyó a la ocurrencia del accidente."*

En esa misma fecha, presentó, además, "*Moción para que se Deje Sin Efecto Sentencia*". Alegó que el 10 de diciembre de 2001, había solicitado enmendar su demanda contra tercero a los fines de añadir otros demandantes, y que a pesar de las gestiones realizadas, para la fecha en que se emitió la Sentencia Parcial, la Secretaría del Tribunal aún no había expedido los emplazamientos en cuanto a dichas partes. Por tanto, el dictamen se había emitido sin tomar en consideración dicha solicitud. Argumentó que por tratarse de un caso donde hay varios co-causantes de un daño, el tribunal debió haber esperado que se emplazara a todos ellos antes de tomar una determinación. Solicitó que se dejara sin efecto la sentencia parcial emitida, y una vez emplazados los restantes terceros demandados, se señalara una vista para la discusión de las cuestiones de derecho concernidas. Mediante orden emitida el 8 de abril de 2002, notificada el 16 de abril de 2002, el Tribunal de Primera Instancia concedió un término de diez (10) días al señor Matos para que replicara a ambas solicitudes. Ninguna de las partes presentó escrito en relación con dicha orden. El 24 de mayo de 2002 se expidieron los emplazamientos contra los terceros demandados adicionales, señorita Neysa Pérez Colón, conductora del vehículo marca Ford, modelo Escort 1998, señora Gladis Suárez Mendoza, dueña del referido vehículo, y Puerto Rican & American Insurance, Co. (PRAICO), aseguradora del vehículo. Estos solicitaron que se les notificara los escritos y la concesión de un

término para contestar la demanda. Contestaron la demanda el 26 de septiembre de 2002. Luego de varios trámites procesales, se señaló la vista de discusión de las mociones presentadas por Nigaglioni para el 18 de octubre de 2002.

El 25 de noviembre de 2002, el Tribunal de Primera Instancia emitió resolución. Consideró la solicitud de determinaciones de hechos adicionales como una moción de reconsideración. Concluyó que fue interpuesta en corte abierta el 18 de octubre de 2002- no el 27 de marzo de 2002, cuando en efecto ocurrió-, y la declaró sin lugar por haberse sido radicada fuera de término. Expresó que:

*"3. Que en la solicitud de Determinaciones Adicionales se solicitaba que se adicionaran varias determinaciones al amparo de la Regla 43.3 de Procedimiento Civil que ya formaban parte o estaban incluidos en la sentencia dictada como se establece a continuación:*

*a. La determinación adicional solicitada en el inciso A de la moción presentada relacionada está incluida en el inciso 6 de las determinaciones de hechos de la sentencia.*

*b. La determinación solicitada en el inciso B relacionada con la fecha en que fue emplazado el señor Rodríguez, surge de los autos del expediente del caso.*

*c. La solicitud de determinación adicional en el inciso C relacionada con la fecha en que se presentó la demanda en contra del señor Rodríguez y la Cooperativa de Seguros Múltiples, está contemplada en el inciso 7 de la sentencia.*

*d. Las determinaciones solicitadas en el inciso D, E y F no constituyen ser hechos relevantes o pertinentes a la controversia medular del caso y más bien son aspectos procesales del trámite del pleito.*

*e. Las determinaciones adicionales solicitadas en el inciso G y H son hechos que surgen de los autos y que hacen referencia al trámite procesal del caso y a mociones presentadas luego de celebrada la vista donde se discutió la moción de desestimación, por lo que no guardan relación con los hechos que dan lugar a la controversia en el presente caso.*

En cuanto a la moción para que se dejara sin efecto la sentencia parcial, promovida en vista de las enmiendas realizadas y acogidas previo al dictamen, resolvió que *"lo que contiene es una relación del trámite procesal del caso y de hechos que surgen de los autos y del expediente del caso ente nos."* El tribunal no hizo una determinación expresa en cuanto a esta moción, pero por sus expresiones parece haberla considerado, al igual que la solicitud de determinaciones adicionales, como una moción de reconsideración, declarándola sin lugar.

Oportunamente, el señor Nigaglioni presentó escrito de apelación ante nos. Señaló la comisión de los siguientes errores:

*"PRIMER ERROR*

*Erró el Honorable Tribunal de Primera Instancia al dictar Resolución declarando Sin Lugar una Solicitud de Determinaciones Adicionales y decretar que era una solicitud de reconsideración, cuando los hechos que se solicita adicionar son específicos, no están incluidos en la sentencia parcial y son los que provocan la enmienda a la contestación a la demanda, a la demanda contra tercero y traer terceros adicionales presentados antes de que se dictara la sentencia parcial.*

*SEGUNDO ERROR*

*Erró el Honorable Tribunal de primera Instancia al determinar que la solicitud de determinaciones adicionales era una solicitud de reconsideración radicada en corte abierta y, por tanto, fuera del término jurisdiccional, cuando aun de acogerse como una solicitud de reconsideración, dicha solicitud no solamente fue presentada dentro del término, sino que fue acogida dentro del plazo jurisdiccional e interrumpió efectivamente los términos contemplados en las reglas de procedimiento civil.*

*TERCER ERROR*

*Erró el Honorable Tribunal de Primera Instancia al dictar sentencia parcial y aplicar a este caso la doctrina de prescripción contra el tercero demandado Mitchael Rodríguez, cuando no procede en derecho por ser un causante del daño y además no retrotraer los efectos de una enmienda a una demanda contra tercero."*

Presentado el escrito, ordenamos a la parte apelada que presentara su alegato. Dicha parte presentó moción de desestimación. Alegó que la solicitud de determinaciones de hechos adicionales, que había sido considerada por el foro de instancia como una moción de reconsideración, fue rechazada de plano por dicho foro, razón por la cual no se interrumpió el término para apelar. Señaló, además, que el apelante no había incluido en el apéndice del escrito varios documentos que eran esenciales para la disposición del caso, tales como: copia de la demanda de subrogación presentada por la Cooperativa de Seguros Múltiples, moción de desistimiento contra el señor Rodríguez, contestación a la demanda de subrogación y la demanda contra tercero desistida. El señor Nigaglioni se opuso a la desestimación solicitada. Mediante resolución emitida el 9 de septiembre de 2003, este Foro declaró sin lugar la moción de desestimación. Entendimos que la solicitud de determinaciones de hechos adicionales sí fue acogida por el Tribunal de Primera Instancia, por lo que interrumpió el término para apelar ante nos. Por tanto, ordenamos a la parte apelada a presentar su alegato. En cumplimiento con nuestra orden, el señor Rodríguez presentó su alegato. Reprodujo los planteamientos de la moción de desestimación por prescripción que había presentado ante el Tribunal de Primera Instancia, alegando que fue traído al pleito como el único responsable de los daños del demandante original (señor Matos) y no como co-causante del daño, por lo que la acción contra tercero presentada por el señor Nigaglioni en su contra se encuentra prescrita.

**II**

La Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, provee para la solicitud de determinaciones de hechos y conclusiones de derecho. La presentación de una moción bajo esta regla interrumpe el término para presentar moción de reconsideración, moción de nuevo juicio y recurso de apelación o *certiorari*. *U.S. Fire Ins. Co. v. A.E.E.*, 151 D.P.R. ___ (2000), **2000 J.T.S. 146**, páginas 92-93. La parte insatisfecha con una sentencia puede solicitar determinaciones de hechos adicionales, o enmiendas a las determinaciones de hechos, dentro del término de diez (10) días a partir del archivo en autos de copia de la notificación de la sentencia. Esta moción se puede acumular con una de reconsideración, pero entonces el efecto interruptor del término para apelar se rige por el procedimiento de la Regla 47 de Procedimiento Civil. Esto es, la moción de reconsideración interrumpirá los términos para apelar sólo si el tribunal la acoge y adopta alguna determinación. *Carattini v. Collazo Systems Análisis, Inc.*, **2003 J.T.S. 4**; *Andino v. Topeka, Inc.*, 142 D.P.R. 933, 937 (1997).

Para que tenga efecto interruptor, la moción solicitando determinaciones adicionales ha de exponer cuestiones sustanciales relacionadas con determinaciones de hechos o conclusiones de derecho materiales. Debe exponer con suficiente particularidad y especificidad los hechos que el promovente estima probados y fundarse en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes. Ausente o desprovista de esa propuesta específica, se trata de una moción de reconsideración que no tiene efecto interruptor en el término jurisdiccional para presentar recurso apelativo, a no ser que el tribunal la acoja y adopte alguna determinación en cuanto a la misma. Para que una solicitud de determinaciones de hechos y de derecho adicionales surta el efecto interruptor de la Regla 43.3, tiene que ser una moción suficiente de su faz. Debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el Tribunal sentenciador, cuando deben serlo. *Andino v. Topeka, supra.*

Por otra parte, la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47, gobierna lo relativo a la moción de reconsideración. Una parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá solicitar reconsideración, dentro del término de quince (15) días desde la notificación de la determinación de que se trate. La presentación oportuna de una moción de reconsideración interrumpe los términos para apelar o presentar recurso de *certiorari*. No obstante, si el Tribunal de Instancia no toma acción alguna en relación con una moción de reconsideración dentro de los diez (10) días siguientes a su presentación, se considerará que el término para recurrir nunca fue interrumpido por la moción. *Reyes v. ELA*, 155 D.P.R. ___ (2001), **2001 J.T.S. 171**, página 531.

Sin embargo, cuando un tribunal rechaza de plano una moción de reconsideración debida y oportunamente interpuesta, ya fuese por su acción afirmativa o por inacción, dicho foro no quedará privado, automáticamente, de su facultad para reconsiderar su actuación previa. Aunque el tribunal haya denegado inicialmente la moción de reconsideración, puede acogerla posteriormente si aún no ha transcurrido el término para interponer el recurso de apelación o revisión. Pero transcurrido ese término para recurrir en alzada, el tribunal de instancia actúa sín jurisdicción al acoger la moción de reconsideración y resolverla. Lo decisivo para que se interrumpa el término de apelación o revisión es que el tribunal de instancia tome alguna acción para acoger la moción de reconsideración mientras aún tiene jurisdicción sobre el caso. *Reyes v. ELA, supra*, página 531. El tribunal de instancia no tiene jurisdicción para acoger una moción de reconsideración transcurrido el término de treinta (30) días para recurrir en alzada ante el Tribunal de Circuito de Apelaciones, sin que hubiera tomado acción alguna sobre la moción durante el período de treinta (30) días. Para poder reconsiderar, el tribunal tiene que actuar antes de que la sentencia advenga final y firme. *Reyes v. ELA, supra*, página 532.

## III

Por estar íntimamente relacionados, discutiremos en conjunto los primeros dos errores señalados.

Examinada la moción, así como los escritos y documentos que obran en el expediente, primeramente debemos concluir que el Tribunal de Primera Instancia erró al entender que el escrito no cumplía con el requisito de especificidad o propuesta específica de determinaciones adicionales. El señor Nigaglioni presentó determinaciones de hechos y conclusiones de derecho adicionales, que constituyeron una propuesta o exposición con suficiente particularidad y especificidad de hechos. A pesar de que no procedía añadir la totalidad de las determinaciones adicionales solicitadas, entre las mismas hay algunas que contienen ciertos datos que necesariamente debieron haber sido incluidos por el tribunal para que la sentencia quedara adecuadamente fundamentada. ■ La solicitud de determinaciones de hechos presentada por el señor Nigaglioni el 27 de marzo de 2002, tuvo el efecto de interrumpir el término para apelar, hasta que el tribunal resolviera dicha solicitud. Se cometió el primer señalamiento de error.

No obstante, acogida como moción de reconsideración, nos queda por determinar si el término para recurrir quedó interrumpido por su oportuna presentación. La moción fue radicada el 27 de marzo de 2002, a los ocho días de haberse notificado la sentencia parcial, en claro cumplimiento con los términos contemplados por las Reglas de Procedimiento Civil. A partir de su presentación, el Tribunal de Instancia tenía diez (10) días para considerarla. Si la rechazaba de plano, el término para presentar la apelación no quedaría interrumpido, a no ser que el tribunal tomara alguna acción para acoger la moción de reconsideración antes de expirar el período de treinta (30) días dispuesto para recurrir en alzada ante este Foro. El 8 de abril de 2002, antes de expirar el término de treinta (30) días para recurrir en alzada, el Tribunal de Primera Instancia emitió la orden para que las partes se expresaran. Por tanto, el Tribunal acogió la moción y el término para apelar quedó interrumpido. ■

## IV

Resuelto lo anterior, en síntesis, la controversia se reduce a determinar si estamos o no ante la presencia de co-causantes o coautores solidarios de los daños, y si aplica o no la norma de *Arroyo v. Hospital La Concepción*,

130 D.P.R. 596 (1992), a los fines de determinar el término prescriptivo aplicable.

La obligación solidaria es aquélla en la que concurren varios acreedores (solidaridad activa) o varios deudores (solidaridad pasiva), o varios acreedores y al mismo tiempo varios deudores (solidaridad mixta), y en que cada acreedor tiene derecho a pedir, y cada deudor tiene la obligación o deber de realizar íntegramente la prestación debida. *Arroyo v. Hospital La Concepción*, 130 D.P.R. 596, 606-607 (1992).

Aunque como norma general la solidaridad no se presume (Art. 1090 del Código Civil, 31 L.P.R.A. sec. 3101), por excepción, existe solidaridad automática en las obligaciones que surgen entre los que participan o cooperan en la realización de un daño. En materia de daños extracontractuales o culpa aquilina, el Tribunal Supremo ha resuelto que cuando sean varios quienes con sus actos u omisiones culpables o negligentes causen un daño, se obligarán solidariamente a repararlo. *Torres Ortiz v. E.L.A.*, 136 D.P.R. 556 (1994). Conforme las disposiciones del Artículo 1802 del Código Civil, *supra*, hay una declaración estaturaria de solidaridad entre los varios responsables del acto ilícito. En este tipo de caso, la solidaridad se presume. *Arroyo v. Hospital La Concepción, supra.*

En el caso de las obligaciones solidarias, la interrupción de la prescripción aprovecha o perjudica a todos los acreedores y deudores. Art. 1874 del Código Civil, *supra*, sec. 5304. Por lo tanto, la interposición de una reclamación judicial en tiempo contra uno de los codeudores solidarios tiene el efecto de interrumpir el término prescriptivo para todos los demás. Art. 1094 del Código Civil, *supra*, sec. 3105; *Rivera Otero v. Casco Sales*, 115 D.P.R. 662 (1984).

A tenor con lo anterior, en nuestra jurisdicción se permite traer a juicio a un co-causante solidario que originalmente no fue incluido en el pleito, a través de demanda contra tercero por parte del demandado original o por enmienda a la demanda por parte del demandante. En estos casos sólo se requiere alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado, o tercero demandado, según los casos, responde solidariamente por los daños reclamados con el demandado original, contra quien se radicó la demanda dentro del término prescriptivo dispuesto por el ordenamiento. *Arroyo v. Hospital La Concepción, supra*, pág. 608. La demanda contra tercero también podría enmendarse para que el tercero le responda al demandado, en caso de éste tener que pagar al demandante, lo que también eliminaría el planteamiento de prescripción. *García v. Gobierno de la Capital.* 72 D.P.R. 138 (1951).

Corresponde entonces determinar si el apelante alegó bien y suficientemente en la demanda contra tercero el hecho de que el apelado respondía solidariamente por los daños reclamados contra el demandado original, en cuyo caso la interrupción de la prescripción ocurrida al presentarse la demanda original perjudicaría a todos los deudores. En la demanda contra tercero se alegó lo siguiente:

*"1. El día 15 de abril de 1999, alrededor de las 9:15 de la mañana, el codemandado Pedro Juan Nigaglioni Loyola, acompañado de Ángel Matos Rentas, se dirigía en su vehículo Jeep-Wrangler 1997, tablilla número CQH-539 hacia el Barrio Encarnación y lo discurría por la carretera número 2 en dirección de Oeste a Este de Peñuelas a Ponce.*

*2. Al llegar al kilómetro 215, donde hay una brecha, se detuvo y se colocó en dirección norte para entrar a dicho Barrio.*

*3. Estando detenido en esa posición, surgió la dama Neysa Pérez Colón en el vehículo marca Ford, modelo Escort, tablilla DBG-662, quien se aparcó en forma paralela al vehículo del codemandado Nigaglioni. Esta dama discurría también en dirección de Oeste a Este.*

*4. Estando detenida dicha conductora en la forma descrita, el conductor Mitchael Rodríguez Rodríguez,*

*quien discurría en la misma dirección a velocidad exagerada en su vehículo marca Mitsubishi, modelo Mirage, Tablilla CDS-097, perdió el control e impactó violentamente el vehículo manejado por Neysa, el cual fue lanzado hacia el vehículo del demandado y éste a su vez fue impulsado en contra de la barrera de metal.*

*5. Como consecuencia del accidente, el demandado sufrió lesiones en su cuerpo, específicamente en las piernas y al día siguiente sufrió un infarto. [...]*

*6. El vehículo de demandado sufrió daños de consideración [...].*

*7. El accidente se debió a la negligencia de Mitchael Rodríguez Rodríguez al discurrir a velocidad exagerada sin tomar en cuenta la vida y propiedad ajenas.*

*8. Que la parte demandante ha presentado demanda en contra del demandado compareciente en reclamación por los daños sufridos en el accidente antes relacionado. [...]*

*9. El tercero demandado, Mitchael Rodríguez Rodríguez, tenía expedida una póliza a su favor con la Cooperativa de Seguros Múltiples con cubierta para responder por los daños causados por la conducción de su vehículo, por lo que tanto él como su aseguradora le son responsables al demandado por cualquier suma que se le ordene pagar a la parte demandante y además le son responsables directamente al demandante por los daños causados a éste.*

*10. Se interesa que se expidan emplazamientos para ser diligenciados en los terceros demandados."*

Al estudiar la demanda radicada en contra del señor Rodríguez, se desprenden alegaciones de responsabilidad solidaria entre el señor Nigaglioni y el señor Rodríguez. Específicamente se alegó que el señor Rodríguez conducía su vehículo a velocidad exagerada impactando el vehículo de la señora Pérez, el cual a su vez se estrelló con el vehículo del señor Nigaglioni. También que el señor Rodríguez le respondía al señor Nigaglioni por cualquier suma que el tribunal le ordenara pagar al señor Matos, además de su obligación de responderle directamente al señor Matos por los daños causados a éste. Por lo tanto, se cumplió con los requisitos dispuestos en *Arroyo v. Hospital La Concepción, supra.* Ante estas alegaciones, podemos considerar al señor Nigaglioni y al señor Rodríguez como co-causantes de dichos alegados daños. Por consiguiente, cuando el señor Matos demandó al señor Nigaglioni, el término prescriptivo en cuanto al señor Rodríguez, por dichos daños, quedó interrumpido con la presentación oportuna de la demanda original. Esta conclusión, sin embargo, es sin perjuicio de que dicha defensa se preserve para el juicio, en caso de que el Tribunal llegara a determinar en su día que no existe solidaridad entre las partes. *Arroyo v. Hospital La Concepción, supra.* Esto implica que en caso que se resuelva que el demandado original no es responsable, entonces no puede emplearse el fundamento de solidaridad para interrumpir la prescripción contra la parte verdaderamente responsable. Si no hay responsabilidad de la primera parte, mucho menos hay solidaridad.

## V

Por los fundamentos que anteceden, revocamos la sentencia parcial apelada. Se devuelve el caso para continuación de los procedimientos ante el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 2004 DTA 102**

1. Aunque en la carátula del escrito de apelación lee Mitchell Rodríguez Rodríguez, surge de los autos que el nombre correcto es Mitchael Rodríguez Rodríguez.

2. La Cooperativa de Seguros Múltiples presentó acción de subrogación en contra del señor Nigaglioni para recobrar de éste lo indemnizado al señor Rodríguez.

3. Del análisis de la sentencia parcial emitida por el Tribunal de Primera Instancia y la lectura ponderada de la solicitud de determinaciones adicionales, nos percatamos, además, que esta última solicita que se incluyan unos hechos que, además, son sus alegaciones y argumentaciones sobre la procedencia de la moción para que se deje sin efecto la sentencia. Lo que se alega en la moción sobre determinaciones adicionales, es la base jurídica de la moción para que se deje sin efecto la sentencia.

4. Cabe destacar en este punto que habíamos resuelto este asunto mediante nuestra resolución del 9 de septiembre de 2003, cuando declaramos sin lugar la moción de desestimación presentada por el apelado, señor Rodríguez, mediante la cual se alegaba que la referida moción de determinaciones adicionales- atendida por el tribunal como una solicitud de reconsideración-, había sido rechazada de plano, por lo que no había interrumpido el término para apelar.